### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **BERNARD LERICHE** | : | HEARING: September 4, 2025 – 11:00 AM |
| Debtor | : | No. 25-12046(djb) |

### MOTION OF PHILADELPHIA FEDERAL CREDIT UNION FOR RELIEF from THE AUTOMATIC STAY PURSUANT TO SECTIONS 362(d) and (e) of the CODE

Philadelphia Federal Credit Union (the **"Movant"**), by and through its counsel, **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**, hereby moves this honorable Court for Relief from the Automatic Stay, pursuant to Sections 362(d) and (e) of the Code, in support of which representing as follows:

1.    The Bankruptcy Court has jurisdiction over this matter, which is a core matter, pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a), (b)(1) and (2)(A) and (M), and 11 U.S.C. §362.

2.    Venue of this Court is predicated upon 28 U.S.C. §1409.

3.    On or about May 23, 2025 (the **"Petition Date"**), Bernard Leriche (the **"Debtor"**) filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, at the above-referenced docket number.

### THE MORTGAGE LOAN (L8)

4.    On July 7, 2022, the Debtor made, executed and delivered to the Movant a Loan Agreement – Mortgage Loan (the **"Mortgage Note"**) evidencing his indebtedness to the Movant in the original principal amount of $150,000.00 (the **"Mortgage Loan"**).

5.    A true and correct copy of the Mortgage Note is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

6.    At the same time, as a partial inducement to the Movant to extend the Mortgage

Loan, as partial consideration for the Movant's decision to do so, and as partial security for its repayment, the Debtor granted the Movant a lien upon a certain parcel of real property, with improvements, located in Bensalem Townhip, Bucks County and known as 3878 Lima Avenue (Tax Parcel 02-005-145; the **"Mortgaged Premises"**).

7.      The Mortgage was recorded with the Bucks County Recorder of Deeds on July 19, 2022, as instrument number 2022044852.

8.      A copy of the recorded Mortgage is attached as **Exhibit "B"**.

9.      The Debtor has made no post-petition payments toward the Mortgage Loan, though payments of $1,009.17 were due on June 6, 2025 and July 6, 2025, and another will fall due on August 6, 2025, before this Motion is to be heard.

10.      The Debtor's failure to make post-petition payments on the Mortgage Loan is a failure of adequate protection of the interest of the Movant in the Mortgaged Premises.

11.      The Movant believes, and therefore avers, that the Mortgaged Premises are not presently insured.

12.      The lack of insurance on the Mortgaged Premises would be a failure of "adequate protection" on it, within the meaning of 11 U.S.C. §362(d)(1).

13.      A failure of adequate protection constitutes "cause" within the meaning of 11 U.S.C. §362(d)(1).

14.      The Mortgaged Premises are presently listed for Sheriff's Sale on October 10, 2025.

15.      The Mortgaged Premises are unnecessary for an effective reorganization of the Debtor, who – despite the address stated on his Petition – appears not to occupy the Mortgaged Premises.

### THE JUDGMENT LIEN (L7)

16.     The Movant repeats all previous paragraphs hereof.

17.     On June 13, 2022, the Debtor made, executed and delivered a Closed-End Note, Disclosure, Loan and Security Agreement (the **"Closed-End Note"**) to the Movant evidencing his indebtedness to the Movant in the original principal amount of $20,000.00 (the **"Closed End Loan"**).

18.     A true and correct copy of the Closed End Note is attached hereto as **Exhibit "C"** and is incorporated herein by reference.

19.     The Debtor defaulted under the terms of the Closed-End Note, the Plaintiff filed suit against the Debtor on it, and obtained a judgment on it, in the Superior Court of New Jersey, in the amount of $18,133.94, on September 11, 2024 (the **"New Jersey Judgment"**).

20.     A copy of the docketed New Jersey Judgment is attached as **Exhibit "D"**.

21.     An exemplified copy of the New Jersey Judgment was docketed in Bucks County on November 12, 2024 (the **"Bucks County Judgment"**), thus creating a lien upon the Mortgaged Premises <u>and</u> on a second parcel of real property owned by the Debtor, also located in Bensalem Township, Bucks County, and known as [no number] Lima Avenue, a portion of Tax Parcel 02-005-144 (the **"Judgment Lien Premises"**).

22.     A copy of the Bucks County Judgment is attached as **Exhibit "E"**.

23.     The Debtor has made no post-petition payments toward the Closed End Loan, which – because it is not secured by a mortgage – is not susceptible of cure.

24.     The previous averment notwithstanding, under the original terms of the Closed-End Note, post-petition payments of $423.75 were due on June 8, 2025 and July 8, 2025, and another post-petition payment will fall due on August 8, 2025, before this matter is to be heard.

25.     Another post-petition payment will fall due on July 21, 2025, before this matter is

to be heard.

26.     The Debtor's failure to make post-petition payments on the Judgment Lien Premises is a failure of adequate protection of the interest of the Movant therein.

27.     The inability of the Debtor to adequately protect the value of the Movant's interest in the Judgment Lien Premises constitutes "cause" within the meaning of 11 U.S.C. §362(d)(1).

28.     Alternatively, the Debtor lacks equity in the Judgment Lien Premises.

29.     The Judgment Lien Premises consists of vacant land.

30.     The Judgment Lien Premises is not necessary for an effective reorganization of the Debtor.

## THE DEBTOR'S PLAN IS UNCONFIRMABLE ON ITS FACE, CONSTITUTING FURTHER CAUSE FOR STAY RELIEF

31.     The Movant repeats all previous paragraphs hereof.

32.     The Debtor has not claimed an exemption in either the Mortgaged Premises or the Judgment Lien Premises.

33.     Because there is no right to cure the default on the Closed End Loan, the Debtor's Plan, the Debtor must pay the entire amount due on it, or $18,661.95, plus interest, over the life of his Plan, which would require the Debtor to pay an additional $311.03 to the Trustee (or to the Movant) each month, not including interest thereon.

34.     The Debtor's Schedule "J" reports disposable income of $974.60 a month.

35.     The Debtor's Plan calls for 60 monthly payments of $1,100.00 each, $125.40 a month more than the disposable income shown on Schedule "J".

36.     The Debtor's Schedules "A", "B" and "C" together show that the Debtor has over $500,000.00 of non-exempt property.

4

37.     Therefore, the Debtor must pay creditors (including the Movant) in full.

38.     In addition the Internal Revenue Service has filed a claim for priority unsecured taxes in the amount of $5,870.37, which is not provided-for by the Debtor's Plan, and which does not appear on the Debtor's schedules. *See,* Claim #7, filed July 23, 2025 and Debtor's Schedule "E".

39.     The Debtor's plan is unconfirmable on its face, which also constitutes "cause" within the meaning of 11 U.S.C. §362(d)(1).

**WHEREFORE**, Philadelphia Federal Credit Union requests that this Court enter an Order vacating the Automatic Stay to the extent necessary to permit it to exercise its rights as a secured creditor pursuant to the Mortgage Note, Mortgage and the lien of the Bucks County Judgment, and non-bankruptcy law, to continue the process of having the Mortgaged Premises and the Judgment Lien Premises offered at Sheriff's Sale, and thereafter, to take such action as is necessary to preserve its deficiency claims against the Debtor (if any), but not to execute on such deficiency claim while this case remains open without further Order of this Court.

The Movant also asks that the Court award such other and further relief as is necessary and just.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:     */S/ William J. Levant, Esquire*
**WILLIAM J. LEVANT, ESQUIRE**
910 Harvest Drive, 2nd Floor
Post Office Box 3037
Blue Bell, PA 19422
(610)941-2474 / (610)684-2020 – Telecopier
wlevant@kaplaw.com
Attorneys for Philadelphia Federal Credit Union

Dated:   July 30, 2025