**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **BERNARD LERICHE** | : | HEARING: October 16, 2025 – 11:00 AM |
| Debtor | : | No. 25-12046(djb) |

**RESPONSE of PHILADELPHIA FEDERAL CREDIT UNION to**
**DEBTOR'S MOTION for RECONSIDERATION of ORDER GRANTING STAY RELIEF**

Philadelphia Federal Credit Union (**"PFCU"**), by its undersigned counsel, hereby responds to the Debtor's Motion for Reconsideration of the Court's Order granting PFCU relief from the Automatic Stay (Docket #38) as follows:

1. **ADMITTED**.

2. **ADMITTED**.

3. **ADMITTED**. By way of further response, the Motion for Stay Relief was granted as being unopposed, after the Debtor's counsel withdrew the Debtor's Answer to it

4. **ADMITTED**. As of November 12, 2025, the Debtor is current on his post-petition payments and the Premises are now covered by an appropriate policy of hazard insurance.

5. **DENIED**. The fact "the grounds for relief no longer exist" is not, by itself, a sufficient basis to grant reconsideration of the stay relief order. It is the Debtor's burden to show that cause exists for reconsideration, a burden that PFCU believes the Debtor's Motion does not satisfy. Among other things, it appears from the Debtor's Schedule "I" that the Debtor's sole source of income is a limited liability company that he controls, "Leriche Express CC, LLC". No evidence has been produced to demonstrate that the amount of income stated reasonably reflects the Debtor's actual month-to-month income or that the amount does not vary significantly from month to month. Further, the Debtor has claimed the "homestead exemption" of 11 U.S.C. §522(d) on his Mays Landing, NJ property, and not on the Bucks County property that is the subject of this

Motion. That strongly suggests that the Bucks County property is <u>not</u> necessary for an effective reorganization of the Debtor within the meaning of 11 U.S.C. §362(d)(2)(B). Finally, the Debtor has not shown that he has equity in the Bucks County property.

    PFCU therefore respectfully requests that the Debtor's Motion be denied.

        Respectfully submitted,

        **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:   */S/ William J. Levant, Esquire*
      William J. Levant, Esquire
      910 Harvest Drive, 2nd Floor
      Post Office Box 3037
      Blue Bell, PA 19422
      (610) 941-2474
      (610) 684-2020 – Telecopier
      wlevant@kaplaw.com
      Attorneys for Philadelphia Federal Credit Union

Date: November 12, 2025

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **BERNARD LERICHE** | : | HEARING: October 16, 2025 – 11:00 AM |
| Debtor | : | No. 25-12046(djb) |

## CERTIFICATE OF SERVICE

I, William J. Levant, Esquire do hereby certify that on November 12, 2025, I did send a copy of the foregoing Certificate of No Objection to the following, by First Class Mail (except as noted):

Bernard Leriche                                      (first class mail)
3878 Lima Avenue
Feasterville, PA 19053

Brad Sadek, Esquire                                  (served by ECF)
Counsel for the Debtor

Kenneth E. West, Esquire                             (served by ECF)
Chapter 13 Trustee

Office of the US Trustee                             (served by ECF)

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:   */S/ William J. Levant, Esquire*
William J. Levant, Esquire
910 Harvest Drive, 2nd Floor
Post Office Box 3037
Blue Bell, PA 19422
(610) 941-2474
(610) 684-2020 – Telecopier
wlevant@kaplaw.com
Attorneys for Philadelphia Federal Credit Union