MIKE ASSAD
215-545-0008
michael@sadeklaw.com

**Sadek Law Offices, LLC**
1500 JFK Boulevard, Suite 220
Philadelphia, PA 19102

December 1, 2025

**VIA CM/ECF**
Hon. Derek J. Baker
U.S. Bankruptcy Court
900 Market Street
Philadelphia, PA 19107

Re:   *In re Leriche*, Case No. 25-12046-djb
      **Brief in Support of Debtor's Motion to Reconsider**

Dear Judge Baker:

Please accept this letter in lieu of a more formal brief in support of Debtor Bernard Leriche's motion to reconsider the Court's recent order granting relief from the automatic stay to Philadelphia Federal Credit Union with respect to the Debtor's property at 3878 Lima Avenue in Trevose, Pennsylvania. As proffered by PFCU in its motion for relief, at several hearings, and now in its brief in opposition to this motion, the request for stay relief was based on the Debtor's post-petition payment defaults and his failure to maintain insurance.

At the hearing of November 13, 2025, both PFCU and the Debtor agreed that the Debtor is now current on post-petition payments and maintains insurance. Given these changed circumstances, Fed. R. Civ. P. 60(b)(5) (incorporated by Fed. R. Bankr. P. 9024) requires that the Court vacate the relief order because "applying it prospectively is no longer equitable . . ." The Third Circuit has explained that orders are no longer equitable when "the prospective effect of decrees of a court of equity which, although properly entered, with the passage of time and changing conditions require modification." <u>Kock v. Gov't of the V.I.</u>, 811 F.2d 240, 244–45 (3d Cir. 1987).

Under <u>Kock</u>, the order here may be revisited because it is equitable, concerns prospective relief, and the conditions that originally justified it have materially changed. The order was entered to address the Debtor's failure to adequately protect PFCU, and the lack of adequate protection has been remedied now that the Debtor is current on post-petition payments and the property is insured. To allow foreclosure to proceed now would sever the remedy from its underlying rationale and turn an order entered as equitable protection into a punishment.

Vacating the relief order would result in no inequity to PFCU because it now has exactly what it sought when it moved for relief. The only conceivable prejudice is the potential for additional attorney's fees associated with prosecuting a future motion for relief in the event of a

Hon. Derek J. Baker
December 1, 2025
Page 2

new default. The attached proposed order is designed to minimize that risk by providing an efficient mechanism for renewed relief. If the Debtor defaults again, PFCU need only send a written default notice and file it on the docket, allow ten days for cure, and then, if the default is not cured, file a simple certification of default, after which the Court will promptly consider whether to modify the automatic stay.

      For all of these reasons, the Debtor respectfully submits that continued application of the stay relief order is no longer equitable under Rule 60(b)(5). The Debtor therefore asks that the Court grant the motion, vacate the relief order as to 3878 Lima Avenue, reinstate the automatic stay on the terms set forth in the attached proposed order, and grant such other and further relief as the Court deems just.

                                         Sincerely,

                                         **SADEK LAW OFFICES, LLC**

                                         Mike Assad