IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                          :        CHAPTER 13
  BERNARD LERICHE                 :
        Debtor               :        No. 25-12046(djb)

**MEMORANDUM of PHILADELPHIA FEDERAL CREDIT UNION REGARDING APPLICABILITY of F.R.C.P. 60(b)(5) to DEBTOR'S MOTION for RECONSIDERATION of ORDER GRANTING STAY RELIEF**

Philadelphia Federal Credit Union (**"PFCU"**), by its undersigned counsel, offers the following brief, as the Court requested, to address the issue set forth in the title above.

For the sole purpose of preserving the issue, PFCU notes that the Debtor did not mention Rule 60(b)(5) in his Motion for Reconsideration, nor did he argue the Rule in support of the Motion at the hearing held on November 13, 2025. The Debtor first argued that Rule 60(b)(5) provided a basis for reconsideration in his brief, filed December 1, 2025; the Court could therefore find that the issue has been waived.

Notwithstanding the foregoing, PFCU believes that Rule 60(b)(5) provides the Debtor no comfort. Though there are many reported cases addressing Rule 60(b), most of them concentrate on Rule 60(b)(6), the "catchall" provision of the Rule, which only applies – according to the Fourth Circuit – in "extraordinary circumstances". *Aikens v. Ingram*, 652 F. 3rd 496, at 500 (4th Cir., 2011). Only a relative handful of cases interpret Rule 60(b)(5), and even fewer consider the meaning of the "no longer equitable" provision of it.

The Fourth Circuit's construction of Rule 60(b)(5) is sensible; absent such a requirement, the exception would easily swallow the Rule.

The present case does not present "extraordinary circumstances".

On October 16, 2025, the date of the final hearing on PFCU's stay relief motion, the Debtor was substantially current in his post-petition payments, but had not provided proof that the

mortgaged property was insured. For that reason, the afternoon before the hearing, his counsel withdrew the Answer that he had filed to the motion, which was then granted as unopposed.

Less than ten days later, the Debtor moved for reconsideration of what was, essentially, a consent order. The standard for reconsideration of an order entered by consent is even higher than the standard for reconsideration of other orders, but in either case, the Debtor is unentitled to have the automatic stay reinstated.

Though the automatic stay is itself an injunction (because it does restrain actions prospectively), an order dissolving it is not, because it "…does not have the type of 'prospective application' contemplated by Rule 60(b)(5)." **In re: Bullock**, 2018 WL 4786698 (Bankr., N.D. Ga., 2018; unpublished; copy attached), *citing* **Griffin v. Secretary, Florida Dept. of Corrections**, 787 F.3rd 1086, at 1091 (11th Cir., 2015).

**Kock v. Government of the Virgin Islands**, 811 F. 2nd 240 (3rd Cir., 1987), the only case cited by the Debtor in his memorandum of law supporting reconsideration does not really aid his cause:

> "[The 'no longer equitable'] language [of Rule 60(b)(5)] refers primarily to the prospective effect of decrees of a court of equity which, although properly entered, with the passage of time and changing conditions require modification. The power of a court of equity to modify the prospective effect of its decree is well established and is explicitly stated in clause 5 [of Rule 60(b)]. The permissible revision of a decree having prospective effect is materially and legally different from the impermissible alteration of a final judgment having conclusive, res judicata effect. In the instant [Kock] case, the judgment initially entered was final at law, and not prospective in equity. Thus, the defendant was not entitled to relief under Rule 60(b)(5)." *Id.,* at 244-45 (internal citations omitted).

\* \* \*

> "Although the principal significance of [the 'no longer equitable'] portion of [Rule 60(b)(5)] is with regard to injunctions, it is not confined to that form of relief, nor even to relief that historically would have been granted in courts of equity. Any such restriction would be inconsistent with the merger of law and equity. *Instead it applies to any judgment that has*

*prospective effect as contrasted with those that offer a present remedy for a past wrong.*"
**In re: Price**, 577 B.R. 643, at 657 (Bankr., E.D. NC, 2017; emphasis in original).

The stay relief order entered by the Court in this case was a final judgment at law, and is therefore not subject to modification.

This means that the Debtor cannot avail himself of Rule 60(b)(5).

Further, it seems a bit idealistic to claim that the Order granting stay relief – undisputedly proper when entered – should be vacated simply because the Debtor has now "remedied" the lack of adequate protection of PFCU's interests by doing what he should have done months ago.  Given this Debtor's track record, it is not unreasonable to believe that he will again default on post-petition payments, or that his insurance will lapse, as soon as the threat of a Sheriff's Sale is eliminated.

PFCU has incurred multiple thousands of dollars in legal fees and prepaid Sheriff's costs to get the property to Sheriff's Sale, and any resolution of this motion that does not include <u>immediate</u> reimbursement of those outlays would be <u>in</u>equitable.

PFCU therefore respectfully renews its request that reconsideration be denied.

        Respectfully submitted,

        **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:    <u>/S/ William J. Levant, Esquire</u>
        William J. Levant, Esquire
        910 Harvest Drive, 2nd Floor
        Post Office Box 3037
        Blue Bell, PA 19422
        (610) 941-2474
        (610) 684-2020 – Telecopier
        wlevant@kaplaw.com
        Attorneys for Philadelphia Federal Credit Union

Date: December 5, 2025

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **BERNARD LERICHE** | : | |
| Debtor | : | No. 25-12046(djb) |

### CERTIFICATE OF SERVICE

I, William J. Levant, Esquire do hereby certify that on December 5, 2025, I did send a copy of the foregoing Memorandum of Law to the following, by First Class Mail (except as noted):

Bernard Leriche                                  (first class mail)
3878 Lima Avenue
Feasterville, PA 19053

Brad Sadek, Esquire                              (served by ECF)
Counsel for the Debtor

Kenneth E. West, Esquire                         (served by ECF)
Chapter 13 Trustee

Office of the US Trustee                         (served by ECF)

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:    */S/ William J. Levant, Esquire*
William J. Levant, Esquire
910 Harvest Drive, 2nd Floor
Post Office Box 3037
Blue Bell, PA 19422
(610) 941-2474
(610) 684-2020 – Telecopier
wlevant@kaplaw.com
Attorneys for Philadelphia Federal Credit Union