### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Bernard Leriche, | : | |
| | : | Case No. 25-12046 (DJB) |
| Debtor. | : | |

## O R D E R

**AND NOW**, upon consideration of the Debtor's Motion to Reconsider Stay Relief Order [Dkt. No. 40] (the "Motion"), the submissions in support [Dkt. Nos. 46 & 50] and opposition [Dkt. Nos. 47, 49 & 51] and hearings having been held on the Motion on November 13 and December 4, 2025, and after due deliberation, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**; [1]

2. The Order dated October 17, 2025 [Dkt. No. 38] is hereby **VACATED**; and

3. The Automatic Stay of 11 U.S.C. § 362(a) is hereby **REINSTATED** as to creditor Philadelphia Federal Credit Union.

**Date: December 8, 2025**

**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

---

[1] While the title of the Motion seeks "reconsideration" of the Order [Dkt. No. 38], the proposed form of order seeks relief specifically "reinstating" the automatic stay as to the Debtor's Pennsylvania owned property. [See Dkt. No. 38-1]. The prior Order was entered for cause due to the lack of insurance on the property and the failure to make postposition payments. [See Dkt. Nos. 27 & 36]; Tr. 10/16/25. The Debtor has pled—and the creditor has conceded—that the Debtor has placed insurance over the property and is current on all postpetition obligations. [See Dkt. No. 46]; Tr. 11/13/25; Tr. 12/4/25. The facts which exist now plainly confirm that the "cause" determined by the Court when entering the prior Order without objection (i.e., lack of insurance and postpetition delinquency) no longer exist.